IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CR. No. C-04-142 (1) |
| | § | |
| RICCO DAVIS. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is Ricco Davis' Motion to Reduce Sentence, which was filed by and through counsel. (D.E. 42.) Davis seeks a reduced sentence pursuant to 18 U.S.C. § 3582(c), based on a recent amendment to the sentencing guidelines.

The statute pursuant to which Davis seeks relief, 18 U.S.C. § 3582(c)(2), permits a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by a retroactive amendment to the federal sentencing guidelines. See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). Amendment 706 to the United States Sentencing Guidelines, which went into effect on November 1, 2007, is a retroactive amendment that reduces the offense level for sentences related to cocaine base, i.e., "crack cocaine," in certain circumstances.

Under Amendment 706, Davis' advisory guideline range has been reduced and the Court could reduce his sentence. The Court declines to do so, however, based in part on Davis' conduct while incarcerated, as well as the factors in § 3553(a). See U.S.S.G.

§ 1B1.10 cmt n.1(b) (in determining whether a reduction should be granted, and the extent of such a reduction, the court must consider the factors set forth in 18 U.S.C. § 3553(a), as well as the danger to any person or the community, and the court may also consider the post-sentencing conduct of the defendant).

Having considered the factors in § 3553(a), the Court finds that Davis is a dangerous defendant and that reducing his sentence would not serve the interest of protecting the public. See 18 U.S.C. § 3553(a)(2)(C). In particular, his conduct record while incarcerated reflects 7 violations, including an assault in 2006 and two separate incidents of possessing dangerous weapons in 2007. These incidents reflect Davis' violent character and are reminiscent of his 1996 conviction for "deadly conduct." (PSR at ¶ 21.) Additionally, although Davis was convicted in the instant case for possession with intent to distribute cocaine base, the offense conduct involved two loaded firearms. In short, Davis' violations of BOP rules and regulations, particularly when coupled with his criminal history, show that the "history and characteristics of the defendant" do not warrant a reduction in his sentence. See 18 U.S.C. § 3553(a)(1).

For these reasons, Davis' Motion to Reduce Sentence (D.E. 42) is DENIED.

It is so ORDERED this 1st day of December, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE